IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00869-MSK-KMT

HAZHAR A. SAYED,

    Plaintiff,

v.

DARRYL R. PROFFITT, Regional Coordinator, C.D.O.C. Faith and Citizens Programs,

    Defendant.

## ORDER DENYING MOTION FOR INTERPRETER

**THIS MATTER** comes before the Court on Plaintiff Hazhar A. Sayed's Motion for Interpreter for Court Proceedings **(#62)**, to which Defendant Darryl R. Proffitt responded **(#69)**, and Mr. Sayed replied **(#71)**. Having considered the same,[1] the Court **FINDS** and **CONCLUDES** the following.

This is a civil action brought Mr. Sayed concerning the conditions of his confinement in

---

[1] The Court is mindful that Mr. Sayed is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

the Colorado Department of Corrections. He generally alleges that he has been denied the ability to engage in ablution prior to his religious services in violation of the First Amendment. Mr. Sayed now requests that the Court provide an interpreter for all proceedings in this case.[2] He alleges that English is not his first language, that he has difficulty understanding and expressing himself in court proceedings, that he is illiterate in English, and that another inmate has been assisting him in preparing his written submissions to the Court.

The Court is without authority to order an interpreter for the court proceedings in this case. Mr. Sayed has been authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Such authorization, however, does not excuse a litigant from paying costs associated with an interpreter. The expenditure of public funds on behalf of an indigent litigant is only proper when authorized by Congress. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976). Section 1915 authorizes an indigent litigant to initiate an action without the "prepayment of fees or the security thereof" and provides that a court may direct payment by the United States for the costs associated with printing the record on appeal if required by an appellate court or preparing a transcript of any proceeding before the magistrate judge if required by the district court. It does not authorize a district court to direct payment by the United States for the costs associated with an interpreter.

28 U.S.C. § 1827 addresses the use of interpreters in the courts of the United States. It provides that a district court shall utilize an interpreter in any action instituted by the United States when a party requires one. As this action was instituted by Mr. Sayed, this provision is

---

[2] Mr. Sayed does not specifically request that the interpreter be provided at the expense of the United States, but because he proceeding *in forma pauperis*, the Court presumes that he is seeking an interpreter without cost to him.

inapplicable. With respect to actions not initiated by the United States, the statute provides only that interpreter services shall, when possible, be made available to litigants on a cost-reimbursable basis or with the prepayment of the cost of providing such services. As the Court presumes that Mr. Sayed is not able to incur the expense of an interpreter, this provision is also inapplicable.

Therefore, as neither section 1915 nor any other statute provides authorization for payment by the United States of the costs for an interpreter, federal courts lack the authority to waive or order payment of such costs on behalf of an *in forma pauperis* civil litigant. Should Mr. Sayed demonstrate that he is able to reimburse the United States for these costs, he may make another motion for an interpreter pursuant to 28 U.S.C. § 1827.

**IT IS THEREFORE ORDERED** that Plaintiff Hazhar A. Sayed's Motion for Interpreter for Court Proceedings **(#62)** is **DENIED**.

Dated this 21st day of April, 2010

                                          **BY THE COURT:**

                                          Marcia S. Krieger
                                          United States District Judge